PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7325

WRITER'S DIRECT FACSIMILE
(202) 204-7397

WRITER'S DIRECT E-MAIL ADDRESS
kshanmugam@paulweiss.com

October 19, 2023

**BY ELECTRONIC FILING**

Mark J. Langer
Clerk of Court
United States Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

   Re: *District of Columbia* v. *Exxon Mobil Corp.*, No. 22-7163

Dear Mr. Langer:

  Pursuant to Federal Rule of Appellate Procedure 28(j), appellants write in response to appellee's letter of September 28, 2023, discussing the Second Circuit's decision in *Connecticut* v. *Exxon Mobil Corp.*, No. 21-1446, 2023 WL 6279941 (Sept. 27, 2023), which affirmed the district court's order granting plaintiff's motion to remand.

  In *Connecticut*, the Second Circuit declined to reach the question whether federal common law can "convert state claims into federal claims in the same manner as complete preemption under federal statutes." 2023 WL 6279941, at *9 n.4. Although the Second Circuit recognized that this "important" question "calls out for resolution in this [c]ircuit," it ultimately determined that the defendant had, in the district-court proceedings, conceded that federal common law cannot have the same effect as a completely preemptive federal statute. *Id.* The Second Circuit therefore deemed that question purely "hypothetical" and declined to reach it. *Id.*

That question, however, is squarely presented in this appeal. Before this Court, appellants have expressly argued that federal common law provides a basis for subject-matter jurisdiction over this action because "federal common law can function in the same way as a completely preemptive statute," citing Supreme Court precedent for that proposition. Br. 33; *see* Reply Br. 10-11. The district court also correctly recognized that appellants' federal-common-law ground for removal "effectively" argues for "complete preemption." J.A. 462. The district court rejected that argument on the ground that only a federal statute, not federal common law, can displace state law in a way that gives rise to federal-question jurisdiction. *See* J.A. 462-463. That rationale is flawed. *See* Reply Br. 10-11. This Court is thus squarely presented with the important question the Second Circuit declined to decide in *Connecticut*.

We would appreciate it if you would circulate this letter to the panel at your earliest convenience.

Respectfully submitted,

/s/ Kannon K. Shanmugam
Kannon K. Shanmugam

cc:    All counsel of record (via electronic filing)